IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATSY COCHRAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-05-2761 |
| | § | |
| JO ANNE BARNHART, | § | |
| COMMISSIONER OF THE | § | |
| SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court in this social security appeal is Plaintiff's Motion for Summary Judgment (Document No. 19-1) and Memorandum in Support (Document No.19-2), and Defendant's Cross-Motion for Summary Judgment (Document No. 20-2). Having considered the motions for summary judgment, the administrative record, and the applicable law, the court ORDERS, for the reasons set forth below, that Plaintiff's Motion for Summary Judgment is GRANTED, Defendant's Motion for Summary Judgment is DENIED, and the case is REMANDED to the Commissioner of the Social Security Administration for further proceedings.

**I.      Introduction**

Plaintiff Patsy Cochran ("Cochran") brings this action pursuant to Section 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her

application for disability insurance benefits. Cochran contends that the Administrative Law Judge's ("ALJ") decision is flawed because the ALJ: (1) failed to assess all of the relevant medical evidence, and (2) failed to comply with the applicable regulations as to his assessment of the claimant's credibility and her subjective complaints. The Commissioner, in contrast, contends that there is substantial evidence in the record to support the ALJ's decision, that the decision comports with applicable law, and that the decision should be affirmed.

## II.     Administrative Proceedings

On October 14, 1999, Cochran filed an application for disability benefits under Title II of the Social Security Act, alleging disability beginning on August 7, 1996, due to residual injuries from an automobile accident. Her injuries consisted of a C1 and C2 neck fracture, a sternal fracture, left orbital blow-out fracture, left hip dislocation, and right frontal epidural hematoma (traumatic brain injury). (Tr. 261).[1] The Social Security Administration denied her application at the initial and reconsideration stages. After that, Cochran request a hearing before an ALJ. The Social Security Administration granted her request and the ALJ, John Randolph Martin, held a hearing on March 6, 2001, at which Cochran's claims were considered *de novo*. On April 26, 2001, the ALJ issued his decision finding Cochran not disabled based on the determination that she has the capacity to perform sedentary work. (Tr. 28-29).

Cochran sought review of the ALJ's adverse decision with the Appeals Council. The Appeals Council will grant a request to review an ALJ's decision if any of the following circumstances are present: (1) it appears that the ALJ abused his discretion; (2) the ALJ made an

---

[1] "Tr." refers to the transcript of the administrative record.

error of law in reaching his conclusion; (3) substantial evidence does not support the ALJ's actions, findings, or conclusions; or (4) a broad policy issue may affect the public interest. 20 C.F.R. § 404.970(a) (2004); 20 C.F.R. § 416.1470(a) (2004). After considering Cochran's contentions in light of the applicable regulations and evidence, the Appeals Council concluded, on July 6, 2005, that there was no basis upon which to grant Plaintiff's request for review. (Tr. 5). The ALJ's findings and decision thus became final.

Cochran filed a timely appeal of the ALJ's decision and a Motion for Summary Judgment. (Document No. 19-1). The Commissioner filed a response and Cross-Motion for Summary Judgment. (Document No. 20-2). This appeal is now ripe for ruling.

### III.    Standard of Review of Agency Decision

The court's review of a denial of disability benefits is limited "to determining (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner's decision comports with relevant legal standards." *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). Title 42, Section 405(g) limits judicial review of the commissioner's decision: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The Act specifically grants the district court the power to enter judgment, upon the pleadings and transcript, "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" when not supported by substantial evidence. 42 U.S.C. § 405(g) (2004). While it is incumbent upon the court to examine the record in its entirety to decide whether the decision is supportable, *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979), the court may not "reweigh the evidence in the record, nor try the issues

*de novo*, nor substitute [its] judgment for that of the [Commissioner] even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988); *see also Jones*, 174 F.3d at 693; *Cook v. Heckler*, 750 F.2d 391, 392-93 (5th Cir. 1985). Conflicts in the evidence are for the Commissioner to resolve. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).

The United States Supreme Court has defined "substantial evidence," as used in the Act, to be "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence is "more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). The evidence must create more than "a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

**IV.     Burden of Proof**

An individual claiming entitlement to disability insurance benefits under the Act has the burden of proving her disability. *Johnson*, 864 F.2d at 344. The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2003). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3) (2003). The impairment must be so severe as to limit the claimant such that:

> [Sh]e is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [s]he lives, or whether a specific job vacancy exists for [her], or whether [s]he would be hired if [s]he applied for work.

42 U.S.C. § 423(d)(2)(A) (2003). The mere presence of an impairment is not enough to establish that one is suffering from a disability. Rather, a claimant is disabled only if [s]he is "'incapable of engaging in *any* substantial gainful activity.'" *Anthony*, 954 F.2d at 293 (quoting *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1986)).

The Commissioner applies a five-step sequential process to decide disability status:

1. If the claimant is presently working, a finding of "not disabled" must be made;

2. If the claimant does not have a "severe impairment" or combination of impairments, [she] will not be found disabled;

3. If the claimant has an impairment that meets or equals an impairment listed in Appendix 1 of the Regulations, disability is presumed and benefits are awarded;

4. If the claimant is capable of performing past relevant work, a finding of "not disabled" must be made; and

5. If the claimant's impairments prevent [her] from doing any other substantial gainful activity, taking into consideration [her] age, past work experience, and residual functional capacity, [she] will be found disabled.

*Anthony*, 954 F.2d at 293; *see also Leggett v. Chater*, 67 F.3d 558, 563 n.2 (5th Cir. 1995); *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). Under this process, the claimant bears the burden of proof on the first four steps of the analysis to establish that a disability exists. *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). If successful, the burden shifts to the Commissioner, at step five, to show that the claimant can perform other work. *Id.* Once the Commissioner shows that other jobs

5

are available, the burden shifts, again, to the claimant to rebut this finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). If, at any step in the process, the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Leggett*, 67 F.3d at 564.

Here, the ALJ found that Cochran, despite her impairments and limitations, could perform sedentary, unskilled work, and that she therefore was not disabled within the meaning of the Act. As a result, in this appeal, it must be determined whether substantial evidence supports the step-five findings.

In determining whether substantial evidence supports the ALJ's decision, the court generally weighs four factors: (1) the objective medical facts; (2) the diagnosis and expert opinions of treating, examining and consultative physicians on subsidiary questions of fact; (3) subjective evidence as testified to by the plaintiff and corroborated by family and neighbors; and (4) the plaintiff's educational background, work history, and present age. *Wren*, 925 F.2d at 126.

**V.     Discussion**

Cochran claims that the ALJ erred in failing to failing to assess all of the relevant medical evidence and in failing to comply with the applicable regulations as to the assessment of Cochran's subjective complaints and credibility. First, Cochran argues that although her medical history began August 26, 1996, the ALJ failed to evaluate, analyze, and/or refer to any of her hospitalization admission and discharge records, treatment notes, rehabilitation evaluations, or her treating physicians' progress and treatment notes which span a little less than ten years. Cochran further argues that the ALJ omitted any discussion of the serious injuries (such as her C1 and C2 fractures, sternal fracture, left orbital blow-out fracture, left hip dislocation, and right front epidural hematoma)

resulting from the August 26, 1996 car accident and of Cochran's diagnosis of traumatic brain injury with resulting cognitive deficits. (Tr. 116, 124). Second, Cochran argues that the ALJ failed to comply with the applicable regulations as to the assessment of her subjective complaints and credibility related thereto.

With respect to Cochran's first allegation, the Court concludes that the ALJ failed to assess all of the relevant medical evidence. As the Seventh Circuit has stated, although it is not necessary for the ALJ to discuss every document in the evidence of record, an ALJ may not select only the evidence that favors his ultimate conclusions. *See Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982). The ALJ's decision "should contain, and his ultimate determination must be based upon, all of the relevant evidence in the record." *Id.*

Here, the ALJ began his discussion of Cochran's medical history with October 4, 2000, even though her relevant medical history stemmed from her car accident in 1996. Nothing in the ALJ's decision even acknowledged the existence of reports pre-dating October 2000. In addition, in his decision, the ALJ only briefly discussed the consultative neurological evaluation by Dr. Ronald Devere, M.D. performed on October 6, 2000, and the consultative psychological evaluation by Dr. Mark Lehman, Ph.D performed on October 4, 2000. (Tr. 26). The ALJ decision stated:

> On October 6, 2000, Dr. Devere completed a residual functioning capacity evaluation form and indicated that the claimant could lift and carry 10 pounds occasionally, stand and walk at least 2 hours in an 8 hour work day, and sit about 6 hours in an 8 hour work day. Dr. Devere indicated the claimant should never climb and balance but could occasionally stoop, crouch, kneel, and crawl. The claimant is limited in her ability to push and pull. The environmental factors of heights and moving machinery are affected.
>
> On October 4, 2000, the claimant underwent a psychological evaluation by Mark Lehman, Ph.D. Dr. Lehman completed a mental residual functional capacity assessment and indicated the claimant would have a good ability to follow work rules, interact with supervisors, function independently, maintain attention/concentration, maintain personal appearance and

demonstrate reliability. The claimant would have a fair ability to relate to co-workers, deal with the public, use judgment, deal with work stress, do detailed job instruction, do simple job instructions, behave in an emotionally stable manner, and relate predictably in social situation.

However, the ALJ's summary of Dr. Lehman's report seems to have only considered the Medical Assessment Form and not Dr. Lehman's notes. Dr. Lehman's notes show in relevant part:

> Ms. Cochran sees her life as severely disrupted by a variety of physical problems some of which may be stress related. She demonstrates a degree of somatic concern that is unusual even in clinical samples. She is likely to be continuously concerned with her health status and physical problems.
>
> Ms. Cochran's interpersonal style is best characterized as being very uncomfortable in social situations. She is likely to be a socially isolated individual who has few interpersonal relationships that could be described as close and warm. She may have limited social skills, with particular difficulty interpreting the normal nuances of personal behavior that provides the meaning to personal relationships. Her responses indicate that she experiences her level of social support as being limited. She may have relatively few close relationships or be dissatisfied with the quality of these relationships.
>
> Ms. Cochran appears to be experiencing mild depression. She also appears to be experiencing some degree of anxiety, potentially as a result of her accident. However, her affective distress does not appear to be of sufficient severity to warrant treatment. In addition, Ms. Cochran may be resistant to consider herself in need of any form of psychological treatment. She tends to be emotionally constricted and would likely have difficulty with the expression of emotional material. She would likely be reluctant to consider the possibility that her problems have an emotional origin.
>
> **DIAGNOSTIC IMPRESSIONS:**
>
> AXIS I:     294.1 Dementia due to head trauma, mild Rule Out Post-Traumatic Stress Disorder
>
> AXIS II:    V62.89 Borderline Intellectual Functioning
>
> AXIS III:   See medical reports
>
> AXIS IV:    Psychosocial Stressors: Health Concerns, Unemployment
>
> AXIS V:     Current GAF: 55

8

Consequently, as Cochran argues, the medical evidence that the ALJ failed to evaluate could have either corroborated or contradicted Cochran's subjective complaints of pain. Although the ALJ does not need to explicitly weigh every item of medical evidence in the file, the ALJ is expected, as factfinder, to consider and evaluate the medical evidence consistent with his responsibilities under the regulations and case law. *See Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d. Cir. 2001). Because the ALJ did not consider and evaluate all the relevant evidence in the record, this Court concludes that a more comprehensive analysis of the evidence is needed.

With respect to Cochran's second allegation, that the ALJ failed to comply with the applicable regulations as to the assessment of her subjective complaints and credibility, this Court agrees.

Not all pain is disabling, and the fact that a claimant cannot work without some pain or discomfort will not render her disabled. *Cook v. Heckler*, 750, F.2d 391, 395 (5th Cir. 1985). The proper standard for evaluating pain is codified in the Social Security Disability Benefits Reform Act of 1984, 42 U.S.C. § 423. The statute provides that allegations of pain do not constitute conclusive evidence of disability. Rather, there must be objective medical evidence showing the existence of a physical or mental impairment which could reasonably be expected to cause pain. In addition, statements made by the individual or her physician as to the severity of the plaintiff's pain must be reasonably consistent with the objective medical evidence on the record. 42 U.S.C. § 423. "Pain constitutes a disabling condition under the SSA only when it is 'constant, unremitting, and wholly unresponsive to therapeutic treatment.'" *Seders*, 914 F.2d at 618-19 (citing *Darrell v. Bowen*, 837 F.2d 471, 480 (5th Cir. 1988)). Pain may also constitute a non-exertional impairment which can limit the range of jobs a claimant would otherwise be able to perform. *See Scott v. Halala*, 30 F.3d

9

33, 35 (5th Cir. 1994). The Act requires this Court's findings to be deferential. The evaluation of evidence concerning subjective symptoms is a task particularly within the province of the ALJ, who has had the opportunity to observe the claimant. *Hams v. Heckler*, 707 F.2d 162, 166 (5th Cir. 1983).

Likewise, credibility determinations are generally within the province of the ALJ to make. *See Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994) ("In sum, the ALJ 'is entitled to determine the credibility of medical experts as well as law witnesses and weigh their opinions accordingly.'") (quoting *Scott v. Heckler*, 770 F.2d 484, 485 (5th Cir. 1985)). However, the "'ALJ must consider subjective evidence of pain as testified to by the claimant; failure to give consideration to the subjective evidence of pain and disability as testified to by the plaintiff is reversible error.'" *Petty v. Commissioner*, 1999 WL 222344, at *7 (N.D. Tex. Apr. 14, 1999) (quoting *Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. Unit A Sept. 1981)). The ALJ is "bound by the rules of this Court to explain his reasons for rejecting a claimant's complaints of pain." *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994).

At the hearing on March 6, 2001, Cochran testified that, to date, she has been suffering with pain that has required some type of pain medication since August 26, 1996. Cochran testified that she is in constant pain. For example, she testified that she experiences sharp pains shooting through her collar bone, even with medication. (Tr.276). She further testified that once or twice a week, she experiences migraines off and on through the day, sometimes even lasting a whole 24-hour period. (Tr. 277-78). Cochran stated that she has trouble standing or walking for long periods of time and also has difficulty with concentration, balance, vision, dizziness, and moodiness. (Tr. 280, 284). In addition, she has a constant pain in her left hip; she has pain in her sternum causing her

discomfort about once every two weeks; she has pain in her back and shoulder blade, pain under her neck almost every day, and she can't lift very heavy things. (Tr. 285-89). She testified that she lays down about four hours per day because she is tired, and the medication makes her feel sluggish. (Tr. 293). She also has a problem with depression and has been taking anti-depressant medication for approximately a year and six months. (Tr. 294).

In this case, the ALJ's decision failed to provide meaningful analysis or consideration of Cochran's subjective pain; therefore, the ALJ's decision was an inadequate assessment of Cochran's subjective complaints and credibility. The ALJ's decision did not refer to Cochran's testimony regarding subjective pain whatsoever, except for the conclusory determination that "The claimant's allegations of a total disability are not credible" (Tr. 26), and the finding that, "The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision." (Tr. 28). These two statements were the extent of the ALJ's credibility finding and analysis. The ALJ did not mention Cochran's testimony regarding her migraines, depression, dizziness, collar bone pain, or any of her other injuries about which she testified. Reasons for rejecting Cochran's testimony should have been articulated in the decision. It is "not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" SSR 96-7p, 1996 WL 374186, at *2. If the ALJ found the medical evidence more persuasive than Cochran's own testimony, then more explanation to support such a conclusion should have been provided. The decision must "contain specific reasons for the finding on credibility, supported by evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that

weight." *Id.*

Because the ALJ failed to provide articulated reasons for concluding that Cochran's testimony was not credible, the Court finds that the ALJ's credibility finding was not supported by substantial evidence and was therefore improper.

**VI.     Conclusion and Order**

Based on the foregoing, and the conclusion that the ALJ did not assess all of the relevant medical evidence and did not apply the appropriate legal standard in evaluating the subjective complaints and the credibility of the claimant, further development of the record is necessary, and that based on these infirmities in the ALJ's opinion substantial evidence does not support the ALJ's decision, Defendant's Motion for Summary Judgment (Document No. 20-2 ) is DENIED, Plaintiff's Motion for Summary Judgment (Document No. 19-1) is GRANTED, and this case is REMANDED to the Social Security Administration pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Memorandum and Order.

Signed at Houston, Texas, this 25th day of July, 2006.

*Frances H. Stacy*
Frances H. Stacy
United States Magistrate Judge